DURIE TANGRI LLP
MICHAEL H. PAGE—#154913
   mpage@durietangri.com
RAGESH K. TANGRI—#159477
   rtangri@durietangri.com
JOSEPH C. GRATZ—#240676
   jgratz@durietangri.com
332 Pine Street, Suite 200
San Francisco, CA  94104
Telephone:    (415) 362-6666
Facsimile:    (415) 236-6300

Attorneys for Defendants
LINDEN RESEARCH, INC. and
LINDEN RESEARCH INTERNATIONAL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EROS, LLC, a Florida Limited Liability Company, and SHANNON GREI, d/b/a Nomine, an individual, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs<br><br>vs.<br><br>LINDEN RESEARCH, INC., a Delaware Corporation, and LINDEN RESEARCH INTERNATIONAL, INC., a Delaware Corp.,<br><br>    Defendants | Case No. CV 09 4269 PJH<br><br>**ANSWER**<br><br>Trial Date:  None set |

# DEFENDANTS LINDEN RESEARCH, INC. and LINDEN RESEARCH INTERNATIONAL, INC.'s ANSWER

Defendants Linden Research, Inc. ("LR") and Linden Research International, Inc. ("LRI"), (collectively "Linden"), by undersigned counsel, hereby answer the Complaint of Plaintiffs Eros, LLC and Shannon Grei, individually and on behalf of all others similarly situated, as follows, based on information reasonably available to Linden:

## I.   NATURE OF THE ACTION[1]

1. Linden admits that LR is headquartered in San Francisco, California, and that LR operates the Second Life virtual world.  Linden denies the remaining allegations of this Paragraph.

2. Linden admits that the Second Life Terms of Service limit participation outside the "Teen Area" of Second Life to those who have reached the age of majority, that users of Second Life are referred to as "Residents," and that within Second Life Residents may interact or engage in simulated activities of their choosing subject to the Second Life Terms of Service.  Linden denies the remaining allegations of this Paragraph.

3. Linden admits that the Second Life Terms of Service provide that Residents retain certain copyright and other intellectual property rights with respect to content they create using Second Life, to the extent they have any such rights under applicable law, and subject to the Second Life Terms of Service.  Linden lacks sufficient knowledge to admit or deny the remaining allegations of this Paragraph, and on that basis denies them.

4. Denied.

5. Denied.

6. Linden lacks sufficient knowledge to admit or deny the allegations of this Paragraph concerning Plaintiffs' motives, and on that basis denies them.  Linden denies the remaining allegations of this Paragraph.

---

[1] Linden neither admits nor denies the contents of the various headings and subheadings in the Complaint, which are reproduced herein solely for convenience.

## II. PARTIES

7. Linden lacks sufficient knowledge to admit or deny the allegations of this Paragraph, and on that basis denies them.

8. Linden lacks sufficient knowledge to admit or deny the allegations of this Paragraph, and on that basis denies them.

9. Linden admits that LR does business as Linden Lab, operates Second Life, is a Delaware corporation headquartered in San Francisco County, California at 945 Battery Street, San Francisco, California 94111, and does business in the State of California. Linden denies the remaining allegations of this Paragraph.

10. Linden admits that there is a corporate relationship between LRI and LR, and that LRI is a Delaware corporation. Linden denies the remaining allegations of this Paragraph.

## III. JURISDICTION AND VENUE

11. Admitted.

12. Linden admits that personal jurisdiction and venue in this Court are proper. Linden denies the remaining allegations of this Paragraph.

## IV. INTRADISTRICT ASSIGNMENT

13. This Paragraph contains no allegations to which an answer is required.

## V. FACTS RELATING TO SECOND LIFE

14. Linden denies that all participants can "see, hear, use and modify" all simulated objects. Linden admits the remaining allegations of this Paragraph.

15. Linden admits that within Second Life and subject to the Second Life Terms of Service, Residents may exchange with each other digital content that is designed for use with Second Life. Linden denies the remaining allegations of this Paragraph.

1  16. Linden is informed and believes, and on that basis admits, that various companies, including those set forth in this Paragraph, have participated in Second Life.

17. Linden is informed and believes, and on that basis admits, that Adidas operated a virtual store in Second Life, and that Adidas offered a virtual representation of its a3 Microride running shoe there.  Linden denies the remaining allegations of this Paragraph.

18. On information and belief, admitted.

19. Linden admits that subject to the Second Life Terms of Service, a virtual currency and a virtual currency exchange are components of the Second Life virtual world service.

20. Linden admits that the Second Life virtual currency is called the "Linden dollar" and is typically represented by the symbol "L$".

21. Linden admits the first sentence of this Paragraph.  Linden denies the remaining allegations of this Paragraph.

22. Linden admits that LR operates a Linden dollar exchange called the LindeX exchange, through which Residents may exchange Linden dollars for U.S. dollars subject to the Second Life Terms of Service, and that presently such an exchange has a fee of 3.5% per transaction.

23. Linden admits that user-to-user transactions in the first quarter of 2009 totalled an amount of Linden dollars that, if exchanged for U.S. dollars at then-current exchange rates, would exceed $120 million.  Linden denies the remaining allegations of this Paragraph.

24. Linden is informed and believes, and on that basis admits, that some digital content exchanged within Second Life is protected by intellectual property rights.  Linden denies the remaining allegations of this Paragraph.

25. Linden admits that LR has promoted that Second Life includes the ability to exchange Linden dollars for digital content that is designed for use with Second Life, subject to the Second Life Terms of Service.  Linden denies the remaining allegations of this Paragraph.

### VI.     SECOND LIFE: THE TECHNICAL DETAILS

26.     Linden admits that the Second Life Grid includes the software and technology underlying the Second Life virtual world.  Linden denies the remaining allegations of this Paragraph.

27.     Linden admits that LR operates Second Life and uses servers to simulate the 3D virtual world environment and host digital content that is used with Second Life; that the term "asset" refers to data associated with digital content used with Second Life; and that an asset has an identifier called a "Universally Unique Identifier" or "UUID."  Linden denies the remaining allegations of this Paragraph.

**Second Life:  How Piracy Works In-World**

28.     Linden admits that Second Life includes a Digital Rights Management ("DRM") system, and upon information and belief, that persons have used third-party programs to circumvent that DRM in the past.  On information and belief, Linden admits that CopyBot is a third-party program that allows users to circumvent the Second Life DRM system and copy digital content that is used with Second Life without regard to the copyright or trademark status of that content.  Linden admits that such use is prohibited by the Second Life Terms of Service, and denies the remaining allegations of this Paragraph.

29.     Linden admits that LR may terminate the Second Life accounts of Residents who use CopyBot or other third-party programs to circumvent the Second Life DRM system and copy digital content used with Second Life.  Linden admits that LR complies with all provisions of the DMCA, and denies that LR's "enforcement of intellectual property law is limited to that required" by the DMCA.  Linden lacks sufficient information to admit or deny the allegations in the third sentence of this Paragraph, and on that basis denies them.  Linden denies the remaining allegations of this Paragraph.

30.     The first sentence of this Paragraph contains no allegations requiring an answer.  Linden lacks sufficient information to admit or deny the allegations in the second sentence of this Paragraph, and on that basis denies them.

1    31.    Linden lacks sufficient information to admit or deny the allegations in this

2 Paragraph, and on that basis denies them.

3    32.    Linden lacks sufficient information to admit or deny the allegations in this

4 Paragraph, and on that basis denies them.

5    33.    Linden lacks sufficient information to admit or deny the allegations of this

6 Paragraph regarding Plaintiff Grei's experience, and on that basis denies them.  Linden denies

7 the remaining allegations of this Paragraph.

8    34.    Denied.

9    35.    Linden lacks sufficient information to admit or deny the allegations of this

10 Paragraph, and on that basis denies them.

11    36.    Linden admits that subject to the Second Life Terms of Service, Residents may

12 exchange Linden dollars for digital content that is designed for use with Second Life, and that

13 Linden dollars may be exchanged for real-world currency.  Linden admits that LR operates the

14 LindeX exchange, that the LindeX charges a 3.5% transaction fee for the exchange of Linden

15 dollars, that LR operates the XStreetSL.com website, and that LR operates an in-world classified

16 ads system.  Linden lacks sufficient information to admit or deny the allegations in the final

17 sentence of this Paragraph, and on that basis denies them. Linden denies the remaining

18 allegations of this Paragraph.

19    37.    Denied.

20    **Second Life Terms of Service**

21    38.    Linden admits that the Second Life Terms of Service are found at

22 http://secondlife.com/corporate/tos.php.  Linden denies the remaining allegations of this

23 Paragraph.

24    39.    Linden admits that on August 31, 2009, the Second Life Terms of Service

25 included the quoted language.

26    40.    Denied.

27    41.    Denied.

28

1    42.    Denied.

2    43.    Admitted as to copyrights.  Linden lacks sufficient information to admit or deny the allegations of this Paragraph as to trademark rights, and on that basis denies them.

4    44.    Linden lacks sufficient information to admit or deny the allegations in the first sentence of this Paragraph, and on that basis denies them.  Linden denies the second sentence of this Paragraph.

7    45.    Denied.

8    46.    Denied.

### VII.    FACTS RELATING TO PLAINTIFF EROS

11    47.    Linden lacks sufficient information to admit or deny the allegations of this Paragraph, and on that basis denies them.

13    48.    Linden lacks sufficient information to admit or deny the allegations of this Paragraph, and on that basis denies them.

15    49.    Linden lacks sufficient information to admit or deny the allegations of this Paragraph, and on that basis denies them.

17    50.    Linden lacks sufficient information to admit or deny the allegations of this Paragraph, and on that basis denies them.

19    51.    Linden admits that the SexGen mark is registered with the United States Patent and Trademark Office ("USPTO") as Registration Number 3483253.  Linden lacks sufficient information to admit or deny the remaining allegations of this Paragraph, and on that basis denies them.

23    52.    Linden admits that USPTO Registration Number 3483253 includes the quoted language.  Linden lacks sufficient information to admit or deny the remaining allegations of this Paragraph, and on that basis denies them.

### VIII.   FACTS RELATING TO TRADEMARK INFRINGEMENT

53. Linden lacks sufficient information to admit or deny the allegations of this Paragraph, and on that basis denies them.

54. Linden lacks sufficient information to admit or deny the allegations of this Paragraph, and on that basis denies them.

55. Linden lacks sufficient information to admit or deny the allegations of this Paragraph, and on that basis denies them.

56. Linden lacks sufficient information to admit or deny the allegations of this Paragraph, and on that basis denies them.

57. Linden admits that on or about June 17, 2008 LR inadvertently disabled some content within Second Life, and that promptly thereafter LR stopped that disabling.  Linden lacks sufficient information to admit or deny the remaining allegations of this Paragraph, and on that basis denies them.

58. Linden lacks sufficient information to admit or deny the allegations of this Paragraph, and on that basis denies them.

59. Linden lacks sufficient information to admit or deny the allegations of this Paragraph, and on that basis denies them.

60. Linden lacks sufficient information to admit or deny the allegations of this Paragraph, and on that basis denies them.

61. Linden lacks sufficient information to admit or deny the allegations of this Paragraph, and on that basis denies them.

62. Denied.

63. Linden admits that LR controls some of the technology and systems that comprise the Second Life platform, that some information related to Residents' activities within Second Life is stored on LR servers, that Residents may acquire virtual land within Second Life subject to the Second Life Terms of Service, and that LR charges service fees.  Linden lacks sufficient information to admit or deny the remaining allegations of this Paragraph, and on that basis denies

1  them.

2  64. Denied.

3  65. Denied.

4  66. Linden admits that LR operates Second Life and the XstreetSL.com website, and
5  that within Second Life and on XstreetSL.com, Residents may search for and exchange Linden
6  dollars for digital content that is designed for use with Second Life.

7  67. Linden lacks sufficient information to admit or deny the allegations of this
8  Paragraph, and on that basis denies them.

9  68. Linden admits that search results on the XstreetSL.com website show "Featured
10 Items" ahead of items that are not featured. Linden lacks sufficient information to admit or deny
11 the remaining allegations of this Paragraph, and on that basis denies them.

12 69. Linden lacks sufficient information to admit or deny the allegations of this
13 Paragraph, and on that basis denies them.

### IX. FACTS RELATING TO PLAINTIFF GREI

16 70. Linden lacks sufficient information to admit or deny the allegations of this
17 Paragraph, and on that basis denies them.

18 71. Linden lacks sufficient information to admit or deny the allegations of this
19 Paragraph, and on that basis denies them.

20 72. Linden lacks sufficient information to admit or deny the allegations of this
21 Paragraph, and on that basis denies them.

22 73. Linden lacks sufficient information to admit or deny the allegations of this
23 Paragraph, and on that basis denies them.

24 74. Linden admits that a work titled "Nomine Araignee Set" is registered with the
25 United States Copyright Office (the "Copyright Office") as Registration Number
26 VAu000958340, and that Copyright Office records for that registration list the "Date of
27 Creation" as "2005" and the "Type of Work" as "Visual Material." Linden lacks sufficient

information to admit or deny the remaining allegations of this Paragraph, and on that basis denies them.

## X.    FACTS RELATED TO COPYRIGHT INFRINGEMENT

75.     Linden lacks sufficient information to admit or deny the allegations of this Paragraph, and on that basis denies them.

76.     Linden lacks sufficient information to admit or deny the allegations of this Paragraph, and on that basis denies them.

77.     Linden lacks sufficient information to admit or deny the allegations of this Paragraph, and on that basis denies them.

78.     Linden lacks sufficient information to admit or deny the allegations of this Paragraph, and on that basis denies them.

79.     Denied.

80.     Linden admits that LR controls some of the technology and systems that comprise the Second Life platform, that some information related to Residents' activities is stored on LR servers, that Residents may acquire virtual land within Second Life subject to the Second Life Terms of Service, and that LR charges service fees.  Linden lacks sufficient information to admit or deny the remaining allegations of this Paragraph, and on that basis denies them.

81.     Denied.

82.     Denied.

83.     Linden admits that LR operates Second Life and the XstreetSL.com website, and that within Second Life and on XstreetSL.com, Residents may search for and exchange Linden dollars for digital content that is designed for use with Second Life.

84.     Linden lacks sufficient information to admit or deny the allegations of this Paragraph, and on that basis denies them.

85.     Denied.

86.     Denied.

87. Linden lacks sufficient information to admit or deny the allegations of this Paragraph, and on that basis denies them.

## XI. CLASS ALLEGATIONS

88. This Paragraph contains no allegations to which an answer is required.

89. On information and belief, denied.

90. On information and belief, denied.

91. Linden lacks sufficient information to admit or deny the allegations of this Paragraph, and on that basis denies them.

92. On information and belief, denied.

93. On information and belief, denied.

94. On information and belief, denied.

95. On information and belief, denied.

96. On information and belief, denied.

97. This Paragraph contains no allegations to which an answer is required.

## FIRST CAUSE OF ACTION

### Trademark Infringement, 15 U.S.C. §1114(1)

### (on behalf of Plaintiff Eros and Trademark Infringement Class)

98. Linden incorporates by reference the foregoing responses.

99. This Paragraph contains no allegations to which an answer is required.

100. This Paragraph contains no allegations to which an answer is required.

101. Admitted.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

## SECOND CAUSE OF ACTION

### False Designation of Trademark Origin, 15 U.S.C. §1125

### (on behalf of Plaintiff Eros and Trademark Infringement Class)

107. Linden incorporates by reference the foregoing responses.

108. This Paragraph contains no allegations to which an answer is required.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

## THIRD CAUSE OF ACTION

### Contributory Trademark Infringement, 15 U.S.C. §1114

### (on behalf of Plaintiff Eros and Trademark Infringement Class)

115. Linden incorporates by reference the foregoing responses.

116. This Paragraph contains no allegations to which an answer is required.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

## FOURTH CAUSE OF ACTION

### Vicarious Trademark Infringement, 15 U.S.C. §1114

**(on behalf of Plaintiff Eros and Trademark Infringement Class)**

125. Linden incorporates by reference the foregoing responses.

126. This Paragraph contains no allegations to which an answer is required.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

133. Denied.

134. Denied.

## FIFTH CAUSE OF ACTION

**Direct Copyright Infringement—Public Deisplay, 17 U.S.C. §501**

**(on behalf of Plaintiff Grei and Trademark Infringement Class)**

135. Linden incorporates by reference the foregoing responses.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

## SIXTH CAUSE OF ACTION

**Direct Copyright Infringement--Reproduction, 17 U.S.C. §501**

**(on behalf of Plaintiff Grei and Trademark Infringement Class)**

141. Linden incorporates by reference the foregoing responses.

142. Denied.

143. Denied.

144. Denied.

1  145. Denied.
2  146. Denied.

## SEVENTH CAUSE OF ACTION

### Contributory Copyright Infringement, 17 U.S.C. §501

### (on behalf of Plaintiff Grei and Trademark Infringement Class)

147. Linden incorporates by reference the foregoing responses.

148. This Paragraph contains no allegations to which an answer is required.

149. Linden lacks sufficient information to admit or deny the allegations of this Paragraph, and on that basis denies them.

150. Denied.

151. Denied.

152. Denied.

153. Denied.

154. Denied.

155. Denied.

## EIGHTH CAUSE OF ACTION

### Vicarious Copyright Infringement, 17 U.S.C. §501

### (on behalf of Plaintiff Grei and Trademark Infringement Class)

156. Linden incorporates by reference the foregoing responses.

157. This Paragraph contains no allegations to which an answer is required.

158. Linden lacks sufficient information to admit or deny the allegations of this Paragraph, and on that basis denies them.

159. Denied.

160. Denied.

161. Denied.

162. Denied.

163. Denied.

164. Denied.

## NINTH CAUSE OF ACTION

### Violation of Cal. Bus. & Prof. Code §17200

### (on behalf of all Plaintiffs and All Classes)

165. Linden incorporates by reference the foregoing responses.

166. This Paragraph contains no allegations to which an answer is required.

167. Denied.

168. Denied.

169. Denied.

## TENTH CAUSE OF ACTION

### Violation of Cal. Bus. & Prof. Code §17500

### (on behalf of all Plaintiffs and All Classes)

170. Linden incorporates by reference the foregoing responses.

171. Denied.

172. Denied.

173. Denied.

## ELEVENTH CAUSE OF ACTION

### Intentional Interference with Economic Relations

### (on behalf of all Plaintiffs and All Classes)

174. Linden incorporates by reference the foregoing responses.

175. Denied.

176. This Paragraph contains no allegations to which an answer is required.

177. Denied.

178. Denied.

179. Denied.

## TWELFTH CAUSE OF ACTION

### Negligent Interference with Economic Relations

**(on behalf of all Plaintiffs and All Classes)**

180. Linden incorporates by reference the foregoing responses.

181. Denied.

182. This Paragraph contains no allegations to which an answer is required.

183. Denied.

184. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Digital Millennium Copyright Act)**

Plaintiffs' copyright claims are barred, in whole or in part, by the provisions of the Digital Millennium Copyright Act, 17 U.S. C. §512 *et. seq*.

### SECOND AFFIRMATIVE DEFENSE

**(Communications Decency Act)**

Plaintiffs' state law claims are barred in whole or in part by the provisions of the Communications Decency Act, 47 U.S.C. §230.

### THIRD AFFIRMATIVE DEFENSE

**(Copyright Preemption)**

Plaintiffs' non-copyright claims are preempted in whole or in part by the doctrine of copyright preemption.

### FOURTH AFFIRMATIVE DEFENSE

**(Unenforceable Trademark/Naked Licensing)**

Plaintiffs' trademarks are unenforceable on the grounds of, inter alia, Plaintiffs' prior pattern of naked licensing.

### FIFTH AFFIRMATIVE DEFENSE

**(Innocent Publisher)**

Plaintiffs' trademark claims are barred in whole or in part by the innocent publisher

provisions of 15 U.S.C. §1114(2)(B).

### SIXTH AFFIRMATIVE DEFENSE

#### (Nominative Use)

Plaintiffs' trademark claims are barred in whole or in part pursuant to the doctrine of nominative use.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Estoppel)

By virtue of their own conduct and statements, Plaintiffs are stopped from recovering for the claims alleged in Plaintiffs' Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Waiver)

Plaintiffs have waived any right to recovery from Defendants.

### NINTH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

### TENTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate)

Plaintiffs' claims are barred to the extent they have failed to mitigate damages.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Contributory Negligence)

Plaintiffs' alleged damages were caused, in whole or in part, by Plaintiffs' own negligence.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Assumption of Risk)

Plaintiffs assumed the risk of the harms alleged in their Complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (License)

Plaintiffs' claims are barred, in whole or in part, due to Plaintiffs having expressly or impliedly licensed the complained of conduct.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Acquiescence/Abandonment)

Plaintiffs' trademark claims are barred, in whole or in part, due to Plaintiffs' acquiescence in the alleged infringing conduct and abandonment of the asserted rights.

## FIFTHEENTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations, including 17 U.S.C. 507, Cal. Code Civ. Proc. 338(d) and/or other similar, related, or analogous statutes.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for the following relief:

A.  That judgment be entered against Plaintiffs and in favor of Defendants on all causes of action,

B.  That Plaintiffs take nothing by their Complaint,

C.  That Linden be awarded its attorney's fees and costs, and

D.  For such other and further relief as equity and justice may require.

Dated:  October 30, 2009          DURIE TANGRI LLP


                                  By:    /s/

                                  Michael H. Page
                                  Attorneys for Defendants
                                  LINDEN RESEARCH, INC. and
                                  LINDEN RESEARCH INTERNATIONAL, INC.